IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>LEIGH LAW GROUP, P.C, (LLG), et al.,<br><br>Defendants. | Case No. 20-cv-03045-MMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; VACATING CASE MANAGEMENT CONFERENCE** |

Before the Court are plaintiff Michael Geary Wilson's ("Wilson") complaint and application to proceed in forma pauperis, both filed May 4, 2020. Having read and considered plaintiff's filings, the Court rules as follows.

Based on the information provided in plaintiff's application to proceed in forma pauperis, the Court finds plaintiff lacks funds to pay the filing fee, and, accordingly, said application is hereby GRANTED.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious." See 28 U.S.C. § 1915(e)(2)(B). The Court thus turns to the question of whether the complaint "state[s] a claim on which relief may be granted." See id.[1]

## BACKGROUND

Plaintiff alleges he is an "indigent" citizen of California "with disabilities." (See

---

[1] On June 23, 2020, defendant Mount Diablo Unified School District filed a "Motion Requesting Plaintiff Be Deemed a Vexatious Litigant and Ordered to Post Security." Defendant's motion is not before the Court at this time.

Compl., filed May 4, 2020, at ¶ 3.) The defendants named in the complaint can be categorized as follows: (1) individuals and entities named as defendants in <u>Wilson v. Mt. Diablo Unified School District</u>, Case No. 3:19-cv-3441-MMC (hereinafter, "Wilson I"), a prior action filed by plaintiff;[2] (2) attorneys, who although not named as defendants in Wilson I, are either a partner or associate at a law firm named as a defendant therein;[3] (3) the attorneys and law firms that represented the defendants named in Wilson I (hereinafter, collectively, "attorney defendants");[4] and (4) certain board members and one employee of the Mount Diablo Unified School District (hereinafter, "Mount Diablo").[5]

      The gravamen of the instant complaint is that, in Wilson I, the attorney defendants engaged in litigation misconduct in the course of responding to a motion to amend filed by plaintiff.[6] In particular, plaintiff alleges, the attorney defendants "mislabeled," as "oppositions" instead of "motions to dismiss" (<u>see</u> <u>id.</u> at ¶ 60), the four documents they filed in response to his motion, allegedly in order to deprive plaintiff of an additional week within which to respond. <u>See</u> Civil L.R. 7-3. Plaintiff further alleges the oppositions contained "many fraudulent and deceitful statements" (<u>see</u> <u>id.</u> at ¶ 66) and that three of

---

[2] The defendants comprising the first group are Leigh Law Group, P.C.; Mount Diablo Unified School District; Atinskon, Andelson, Loya, Ruud & Romo; Fagen, Friedman & Fulfrost, LLP; Mandy Gina Leigh; Damien Berkes Troutman; Elizabeth Ann Estes; Christine Anell Huntoon; and Roy Albert Combs.

[3] The defendants comprising the second group are Peter Kirk Fagen, Howard Jay Fulfrost, and Seth Nathaniel Eckstein.

[4] The defendants comprising the third group are Jay Toivo Jambeck; Kevin Ellsworth Gilbert; Alison Paige Buchanan; Jonathan Robert Rizzardi; Orbach, Huff, Suarez & Henderson LLP; Hoge, Fenton, Jones, & Appel, Inc.; and Long & Levitt, LLP.

[5] The defendants comprising the fourth group are Debra Mason, Cherise Khaund, Joanne Durkee, Brian Lawrence, and Linda Mayo, and Robert Anthony Martinez.

[6] Although the complaint refers to the above motion as "my 3/19/2020 document with my 3/19/2020 FAC attached thereto" (<u>see</u> <u>id.</u> at 39), the Court hereby takes judicial notice of said filing, which is titled "Wilson's Request to Add New Causes of Action and New Defendants to His First Amended Complaint" (<u>see</u> <u>Wilson v. Mt. Diablo Unified School District, et al.</u>, No. 3:19-cv-3441-MMC (N.D. Cal.), Doc. No. 75); <u>see also</u> <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (holding courts "may take judicial notice of court filings and other matters of public record").

the four were not served in accordance with various procedural rules.  As to the remaining opposition, plaintiff alleges, service was "intentionally" delayed by "approximately eight days" (see id. ¶ 55), causing him to receive it "a day after" his deadline to respond (see id. ¶ 85), and the proof of service contained false statements.  According to plaintiff, all of the above actions were taken in order to deprive him of his rights "to respond to this Court" and to "due process of law in this Court about the requests contained [in said documents]."  (See id. ¶ 56.)

Based on the above allegations, plaintiff asserts the following seven federal Claims for Relief and four state law Claims for Relief: (1) "Fraud in Obtaining Orders," (2) "Deprivation of Rights (42 U.S.C. § 1983)," (3) ) "Conspiracy to Obstruct Justice in Federal Courts (42 U.S.C. § 1985(2), First Clause)," (4) "Conspiracy to Injure Person or Property for Enforcing Equal Protection (42 U.S.C. § 1985(2))," (5) "Conspiracy/Acts to Deprive Protected Persons of Equal Protection/Privileges & Immunities (42 U.S.C. § 1985(3))," (6) "Failure to Prevent Violations of 42 U.S.C. § 1985 (42 U.S.C. § 1986)," (7) "Monell Liability for Deprivation of Rights (42 U.S.C. § 1983)," (8) "Abuse of Process," (9) "Intentional Infliction of Emotional Distress," (10) "Negligence," and (11) "Negligent Hiring, Supervision, or Retention of Employee."[7]

**DISCUSSION**

**A. Federal Claims**

    **1. Claim I**

Although the basis for plaintiff's first Claim, "Fraud in Obtaining Orders," is unclear, the Court construes it as a claim for relief from final judgment or order under Rule 60 of

---

[7] The First, Third through Sixth, and Eighth through Tenth Claims for Relief are brought against all defendants.  The Second Claim for Relief is brought against all defendants except Mount Diablo. The Seventh Claim for Relief is brought solely against Mount Diablo. The Eleventh Claim for Relief is brought against "all supervising defendants" (see id. at ¶ 166), which the Court construes as all defendants alleged to have "supervisory authority" (see, e.g., id. at ¶ 12), namely, Jay Toivo Jambeck, Mandy Gina Leigh, Robert Anthony Martinez, Debra Mason, Cherise Khaund, Joanne Durkee, Brian Lawrence, Linda Mayo, Peter Kirk Fagen, Howard Jay Fulfrost, Roy Albert Combs, Mount Diablo, and Atkinson, Andelson, Loya, Ruud & Romo.

the Federal Rules of Civil Procedure, pursuant to which a district court may set aside a "final" order or judgment on a number of grounds, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b).

"Rule 60(b) is typically applied through a noticed motion in the underlying action," but "a party may bring an independent action in equity to set aside a judgment." See U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois, 244 F. Supp. 2d 1057, 1061 (C.D. Cal. 2002). To state such a claim, "a plaintiff's allegations must satisfy the following requirements of a suit in equity: (1) the plaintiff has a meritorious claim or defense, (2) the plaintiff is diligent and not at fault, (3) there is a lack of alternative remedy, and (4) the judgment is manifestly unconscionable." See id. at 1062. An independent action to set aside a final judgment or order is available "only to prevent a grave miscarriage of justice." See U.S. v. Beggerly, 524 U.S. 38, 46 (1998).

Here, plaintiff's claim is based on his allegation that defendants' litigation conduct in Wilson I prevented him from "timely and/or adequately responding" to their oppositions to his motion to amend. (See Compl. at ¶ 96.) A review of the docket in Wilson I, however, shows plaintiff filed a timely, consolidated reply to three of defendants' oppositions.[8] As to the fourth opposition, which plaintiff alleges he received after his deadline to reply had already passed, the docket in Wilson I shows that, three days after said deadline, plaintiff filed a document titled "Ex Parte Application to Refer Jay Toivo Jambeck . . . to Proper Authorities for Felony Perjury, Misdemeanor Deceit & Collusion, & Other Wrongdoing." (See Wilson v. Mt. Diablo Unified School District, et al., No. 3:19-cv-3441-MMC (N.D. Cal.), Doc. No. 87.)[9]

---

[8] Plaintiff's reply, which was ordered sealed, was filed April 24, 2020, and the redacted version, which is the version in the public record, was filed subsequently. (See Wilson v. Mt. Diablo Unified School District, et al., No. 3:19-cv-3441-MMC (N.D. Cal.), Doc. No. 85).

[9] By order filed May 4, 2020, the Application was denied. (See Wilson v. Mt. Diablo Unified School District, et al., No. 3:19-cv-3441-MMC (N.D. Cal.), Doc. No. 91.)

4

1    In both of the above-referenced responses,[10] plaintiff raised the arguments that
2    form the basis of the instant complaint, specifically, that defendants' oppositions
3    contained fraudulent statements and were mislabeled as "oppositions" instead of
4    "motions to dismiss," that service of the fourth opposition was intentionally delayed, and
5    that the proof of service for said opposition contained fraudulent statements.  Moreover,
6    the docket in Wilson I shows that, by order filed June 25, 2020, the Court granted
7    plaintiff's motion to amend.  Although, by that same order, the Court, pursuant to 28
8    U.S.C. § 1915(e)(2), sua sponte dismissed the amended complaint, it did so on a ground
9    not raised in any of the oppositions to plaintiff's motion to amend, specifically, that all of
10   the claims alleged therein were already alleged in Wilson v. Mt. Diablo Unified School
11   District, et al., No. 3:20-cv-3368-MMC ("Wilson II"), a separate action pending before this
12   Court.  (See Wilson v. Mt. Diablo Unified School District, et al., No. 3:19-cv-3441-MMC
13   (N.D. Cal.), Doc. No. 100; see also id., Doc. No. 101 (Judgment).)

14   Under such circumstances, the Court finds plaintiff cannot meet the "demanding
15   standard" for relief from a final judgment or order.  See Beggerly, 524 U.S. at 46.  First, at
16   the time plaintiff filed the instant action, May 4, 2020, there was no "final" order or
17   judgment in Wilson I.  See Fed. R. Civ. P. 60(b).  Second, the order and judgment of
18   dismissal that ultimately issued were, as noted, not based on any ground advanced by
19   defendants in their oppositions to plaintiff's motion to amend.  Consequently, any
20   allegedly fraudulent statements contained in defendants' oppositions, and any alleged
21   procedural violations committed in connection therewith, had no bearing on the ruling the
22   Court issued as to plaintiff's amended complaint.

23   In short, plaintiff has failed to allege any facts showing the order of dismissal and
24   judgment in Wilson I are "manifestly unconscionable," see Pioneer Life Ins. Co. of Illinois,
25   244 F. Supp. 2d at 1062, nor has plaintiff otherwise demonstrated a need to prevent  a

---

[10] The Court hereby takes judicial notice of said filings, as well as all other court filings referenced herein. See Reyn's Pasta Bella, LLC, 442 F.3d at 746 n. 6 (holding courts "may take judicial notice of court filings and other matters of public record").

"grave miscarriage of justice," see Beggerly, 524 U.S. at 46.

Accordingly, plaintiff's First Claim for Relief will be dismissed. Further, in light of the record in Wilson I set forth above, the Court finds amendment would be futile, and, consequently, such dismissal will be without leave to amend.

### 2. Claims II through VII

#### a. Noerr-Pennington Doctrine

Plaintiff's remaining federal claims, which he brings pursuant to 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985 ("Section 1985"), and 42 U.S.C. § 1986 ("Section 1986"), are barred by the Noerr-Pennington doctrine.

"The Noerr-Pennington doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances.'" See Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006) (quoting U.S. Const. Amend. I). Under the doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct," including litigation activity. See id. The Noerr-Pennington doctrine provides immunity to governmental entities, see Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 645 (9th Cir. 2009), and, in the litigation context, it protects "the defendants in the original case, [as well as] their employees, law firms and lawyers," see Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1186 (9th Cir. 2005). To determine whether a defendant is entitled to immunity under the Noerr-Pennington doctrine, courts "(1) identify whether the lawsuit imposes a burden on petitioning rights, (2) decide whether the alleged activities constitute protected petitioning activity, and (3) analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity." See Kearney, 590 F.3d at 644.

Here, as discussed above, plaintiff's claims are entirely based on defendants' litigation conduct in Wilson I, specifically, defendants' characterizing, as "oppositions" rather than "motions to dismiss," the documents they filed in response to plaintiff's motion to amend, the allegedly fraudulent statements made in those oppositions and in one of

the proofs of service, and the manner in which those oppositions were served on plaintiff. Consequently, the "success of [the instant] lawsuit would constitute a burden on [defendants'] petitioning rights." See id. at 645; see also Williams v. Jones & Jones Mgmt. Grp., Inc., No. 14-cv-2179-MMM, 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015) (holding lawsuit challenging allegedly fraudulent statements in special motion to strike and appellate briefing burdened defendant's petitioning rights). Next, defendants' filing of oppositions constitutes protected petitioning activity, see Freeman, 410 F.3d at 1184 (holding "Noerr-Pennington immunity . . . appl[ies] to defensive pleadings"), and defendants' serving said documents and filing proofs of service are protected as "conduct incidental" to such petitioning, see id.; see also Warren v. Reid, No. 10-cv-3146-SBA, 2010 WL 4694924, at *7 (N.D. Cal. Nov. 8, 2010) (holding filing of allegedly "false and perjured" proofs of service is protected conduct under Noerr-Pennington doctrine). Lastly, the Noerr-Pennington doctrine provides immunity where, as here, claims are brought under Sections 1983, 1985 and 1986. See, e.g., Manistee Town Center v. City of Glendale, 227 F.3d 1090, 1092 (9th Cir.2000) (applying Noerr–Pennington doctrine to Section 1983 claim); Williams, 2015 WL 349443, at *9–11 (applying Noerr–Pennington doctrine to claims brought under Sections 1983, 1985, and 1986).

The Court recognizes that a "sham" exception to the Noerr-Pennington doctrine exists. See Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 144 (1961) (holding petitioning conduct not protected under Noerr-Pennington if "ostensibly directed toward influencing governmental action" but in fact "a mere sham"). As discussed below, however, plaintiff's claims do not fall within it.

In the Ninth Circuit, petitioning activity may qualify as a sham in one of three ways, see Kottle v. Northwest Kidney Ctrs., 146 F.3d 1056, 1060 (9th Cir. 1998), only two of which are applicable where, as here, the protected petitioning activity is defensive litigation conduct.[11]  In particular, defensive petitioning activity constitutes a sham (1)

---

[11] The third applies where the petitioning activity is "the filing of a series of

7

where it is "objectively baseless" and "the defense as a whole [is] a concealed attempt to interfere with the plaintiff's business relations," see Freeman, 410 F.3d at 1185 (internal quotation and citation omitted), or (2) where "a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy," see Kottle, 146 F.3d at 1060.

With regard to the first such exception, litigation activity is considered objectively baseless only where "no reasonable litigant could realistically expect success on the merits." See Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60 (1993); see also White v. Lee, 227 F.3d 1214, 1232 (9th Cir. 2000) (characterizing finding under first exception as "a result we would reach only with great reluctance"; noting such finding deprives litigant of "the ordinary protections afforded by the First Amendment").

Here, as noted above, plaintiff alleges defendants' oppositions contained "many fraudulent and deceitful statements." (See Compl. at ¶ 66) Specifically, according to plaintiff, the oppositions (1) mischaracterized some of the facts underlying Wilson I; (2) selectively and misleadingly quoted from certain documents; (3) improperly argued that res judicata barred his claims, that he should be classified as a vexatious litigant, and that the facts he added to his amended complaint were known to him when he filed his initial complaint; and (4) misstated aspects of the law regarding amendment of pleadings, the elements of three of plaintiff's fifteen claims, and the statute of limitations codified under California Code of Civil Procedure Section 340.6. (See id. at ¶ 66.)

Such allegations, however, do not establish that "no reasonable litigant could realistically expect success on the merits" of defendants' oppositions. See Prof'l Real Estate Inv'rs, Inc., 580 U.S. at 60. Rather, a review of the oppositions shows that, on the whole, they raised reasonable arguments against plaintiff's requested amendment. Although, as noted above, the Court in Wilson I granted plaintiff's motion to amend over

---

lawsuits." See Kottle, 146 F.3d at 1060.

defendants' oppositions, "the fact that a litigant loses his case does not show that his lawsuit was objectively baseless for purposes of Noerr-Pennington immunity." See White, 227 F.3d at 1232; see also Prof'l Real Estate Inv'rs, Inc., 580 U.S. at 60 n.5 (holding "court[s] must resist the understandable temptation to engage in *post hoc* reasoning by concluding that an ultimately unsuccessful [filing] must have been unreasonable or without foundation" (internal quotation and citation omitted)).  In sum, the Court finds defendants' oppositions contained "enough objective merit . . . to cover [them], and the conduct incidental to [them], with the Noerr-Pennington cloak." See Freeman, 410 F.3d at 1185.

With regard to the second exception, although, as noted above, plaintiff alleges the defendants made fraudulent statements in their oppositions, such asserted conduct did not "deprive the litigation of its legitimacy, see Kottle, 146 F.3d at 1060, as plaintiff, in his reply brief, identified the allegedly fraudulent statements (see Wilson v. Mt. Diablo Unified School District, et al., No. 3:19-cv-3441-MMC (N.D. Cal.), Doc. No. 85 at 3:4-5:13, 7:13-9:27) and raised the argument that defendants' oppositions were "deceitful overall" (see id. at 3:4); see also Ungureanu v. A. Teichert & Son, No. 11-cv-0316-LKK, 2012 WL 1108831, at *9 (E.D. Cal. Apr. 2, 2012) (holding alleged misrepresentations did not deprive litigation of legitimacy where such misrepresentations "came to light during that litigation").  Moreover, as also noted above, the Court granted plaintiff's motion to amend, and, although the Court dismissed plaintiff's amended complaint, such dismissal was not based on any argument raised in defendants' oppositions.  Consequently, any alleged fraud by defendants did not form the basis of the Court's rulings in Wilson I and could not have deprived that litigation of its legitimacy.

Accordingly, plaintiff's Second through Seventh Claims for Relief will be dismissed. Further, in light of the record in Wilson I set forth above, the Court finds amendment would be futile, and, consequently, such dismissal will be without leave to amend.[12]

---

[12] On June 26, 2020, plaintiff filed a document titled "Wilson's Notice of His Intent to Amend His 5/1/2020 [sic] Complaint," in which he states he plans to amend the instant

9

**B. State Law Claims**

The Court's jurisdiction over plaintiff's state law claims, i.e., the Eighth through Eleventh Claims for Relief, is supplemental in nature. See 28 U.S.C. § 1367(a). Where a district court "has dismissed all claims over which it has original jurisdiction," such court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In this instance, as the case remains at the pleading stage, and there are no apparent considerations weighing in favor of retaining jurisdiction over the state law claims, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims.

Accordingly, plaintiff's state law claims will be dismissed without prejudice under 28 U.S.C. § 1367(c).

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's federal claims are hereby DISMISSED with prejudice.

2. Plaintiff's state law claims are hereby DISMISSED without prejudice to refiling in state court.

3. In light of the above, the Case Management Conference currently scheduled for August 4, 2020, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: July 14, 2020

MAXINE M. CHESNEY
United States District Judge

---

complaint to add additional claims. As Wilson appears to acknowledge, however, the claims he would add are already alleged in another complaint filed in federal court, specifically, Wilson v. County of Contra Costa, No. 20-cv-4160-WHA.