IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br>Plaintiff,<br>v.<br>LEIGH LAW GROUP, P.C., (LLG), et al.,<br>Defendants. | Case No. 20-cv-03045-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION REQUESTING PLAINTIFF BE DEEMED A VEXATIOUS LITIGANT; DIRECTIONS TO CLERK**<br><br>Re: Doc. No. 17 |

Before the Court is defendant Mount Diablo Unified School District's ("Mt. Diablo") "Motion Requesting Plaintiff be Deemed a Vexatious Litigant and Ordered to Post Security," filed June 23, 2020, and noticed for hearing July 31, 2020; pursuant to the Civil Local Rules of this district, plaintiff Michael Geary Wilson's ("Wilson") opposition was due no later than July 7, 2020. See Civil L.R. 7-3(a).

Thereafter, the Court granted Wilson's request for an extension of time to file his opposition and extended the deadline to August 10, 2020. On August 17, 2020, no opposition having been filed by Wilson, Mt. Diablo filed a "Reply," pointing out that fact and providing further argument in support of its motion. Later that same date, Wilson filed a second request for extension and the Court subsequently extended the deadline to October 9, 2020. On October 7, 2020, Wilson filed a third request for an extension and, on October 9, 2020, two documents titled, respectively, "Incomplete Opposition to [Mt.] Diablo's 6/23/2020 Fraudulent Motion" and "Incomplete Declaration in Support of His Incomplete Opposition to [Mt.] Diablo's 6/23/2020 Fraudulent Motion," after which the Court extended the deadline to November 13, 2020. On November 12, 2020, Wilson

1

filed a fourth request for an extension and, on November 13, 2020, a document titled "Incomplete Declaration in Opposition to [Mt.] Diablo's 6/23/2020 Fraudulent Motion." By order filed November 19, 2020, the Court denied the request for a further extension, and advised Wilson that, in ruling on Mt. Diablo's motion, it would consider, as Wilson's opposition thereto, the arguments raised in the above-referenced three "Incomplete" filings.

Having read and considered the papers filed in support of and in opposition to the motion, the Court now rules as follows.[1]

## LEGAL STANDARD

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), district courts have "the inherent power to enter pre-filing orders against vexatious litigants." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before a district court may issue an order finding a litigant to be vexatious, however, (1) "the litigant must be given notice and a chance to be heard," (2) "the district court must compile an adequate record for review," (3) "the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation," and (4) "the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." See id. (internal quotation and citation omitted).

## DISCUSSION

### A.   Notice and Chance to be Heard

In the instant case, Mt. Diablo's motion and "Reply," in addition to the Court's order of September 10, 2020, provide ample notice to Wilson of the civil actions and other conduct the Court considers herein, and, as noted, Wilson has responded to the motion.

### B.   Summary of Wilson's Civil Actions

The Court considers herein nine civil actions, all of which were litigated by Wilson pro se and arose from a dispute between Wilson and Mt. Diablo concerning the provision

---

[1] By order filed July 23, 2020, the Court took the motion under submission.

of special education services to the minor children of Wilson's girlfriend and/or the litigation concerning that dispute.

        1.        **Wilson v. Mt. Diablo, et al., Case No. 18-CV-3973-JD (N.D. Cal., filed July 2, 2018) (hereinafter, "Wilson I")**

In Wilson I, based on the above-referenced dispute, Wilson asserted, under federal law, including RICO and civil rights statutes, eight claims against thirty-eight defendants, including the Contra Costa County Superior Court and three judges thereof, Mt. Diablo and nineteen individuals employed by or serving as board members thereof, and two law firms, plus three individual attorneys therein, that represented Mt. Diablo in out-of-court discussions with Wilson regarding the above-referenced dispute.

By order filed July 30, 2018, U.S. District Judge James Donato dismissed the complaint with leave to amend, holding the complaint "cannot go forward under Rule 8" of the Federal Rules of Civil Procedure.  (See Wilson I Order, filed July 30, 2018, at 1:21; see also id. at 1:21-24 (noting, "[t]he complaint consists of 66 pages of largely incomprehensible allegations" that "also raise a question of whether jurisdiction is proper in this Court"); see also Fed. R. Civ. P. 8(a)(2) (providing complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").)  On September 18, 2018, after Wilson failed to file an amended complaint within the time provided, Judge Donato dismissed the action with prejudice.

        2.        **Wilson v. Cooksey, et al., Case No. C19-01816 (Contra Costa Cty. Sup. Ct., filed Sept. 5, 2019) ("hereinafter, Wilson II")**

In Wilson II, Wilson alleged that six individuals employed by Mt. Diablo or serving as board members thereof failed to appear as witnesses after having been served by Wilson with subpoenas to give testimony at a state court proceeding in which Mt. Diablo and one of its employees were endeavoring to obtain a restraining order against him. (See Wilson II Compl. ¶ 8 (referencing Mt. Diablo v. Wilson, Case No. MSN18-1101 (Contra Costa Cty. Sup. Ct., filed May 23, 2018), and Maher v. Wilson, Case No. MSN18-1176 (Contra Costa Cty. Sup. Ct., filed May 31, 2018).)  Based on the alleged failure to

3

appear, Wilson brought a claim for damages under section 1992 of the California Code of Civil Procedure. The defendants demurred and Wilson, despite having been granted an extension of the deadline to oppose, did not file an opposition. Thereafter, by order filed December 16, 2019, Superior Court Judge Edward G. Weil sustained the defendants' demurrer without leave to amend, holding a claim under section 1992 cannot be brought before the trial court "make[s] a prior determination that the subpoenas were disobeyed." (See Wilson II Order, filed Dec. 16, 2019, at 2:24-25 (citing Filipoff v. Superior Court of Los Angeles Cty., 56 Cal. 2d 443, 450 (1961)). Wilson then filed a motion to vacate Judge Weil's order, which motion was denied.

### 3. Wilson v. Mt. Diablo, et al., Case No. 19-cv-3441-MMC (N.D. Cal., filed June 17, 2019) (hereinafter, "Wilson III")

In Wilson III, Wilson alleged that, in the course of settlement negotiations concerning the ongoing dispute as to special education services, attorneys representing Mt. Diablo "threat[ened] to press criminal charges" against him unless he "settled" the dispute, which alleged threat was forwarded to him by Mandy Gina Leigh ("Leigh") and Damien Berkes Troutman ("Troutman") of the Leigh Law Group, P.C. ("LLG"), the attorneys representing him in discussions with Mt. Diablo. (See Wilson III Compl. ¶ 21.) Based thereon, Wilson asserted seven claims against nine defendants, namely, Mt. Diablo, two law firms, plus three individual attorneys therein, that represented Mt. Diablo, as well as LLG, Leigh, and Troutman.

By order filed February 27, 2020, this Court dismissed the complaint, finding Wilson "ha[d] not accurately quoted the statements on which he relie[d], none of which contain[ed] any such threat" (see Wilson III Order, filed Feb. 27, 2020, at 6:6-8); Wilson was afforded leave to amend but not to "add any new claims or new defendants without first obtaining leave of court" (see id. at 10:28-11:1). Thereafter, Wilson filed a motion for leave to file an amended complaint wherein he realleged his initial claims and added nine new claims, after which the Court, by order filed June 25, 2020, granted the motion but dismissed the action, for the reason that Wilson had realleged his initial claims as initially

4

pleaded and his proposed new claims were alleged in a separate action then pending before the Court.

    **4.**    **Wilson v. LLG, et al., Case No. 20-cv-3045-MMC (N.D. Cal., filed May 4, 2020) ("hereinafter, Wilson IV")**

In Wilson IV, the above-titled action, Wilson alleged that, in the course of responding to the above-referenced motion to amend, the law firms and attorneys then representing the defendants named in Wilson III had engaged in litigation misconduct by, according to Wilson, "mislabel[ing]" their responses as "oppositions" (see Wilson IV Compl. ¶ 60), and not serving him properly with those responses.  Based thereon, Wilson asserted eleven claims, including a claim titled "Fraud in Obtaining Orders," against twenty-five defendants, namely, Mt. Diablo and six individuals employed by or serving as board members thereof, three law firms, plus seven individual attorneys therein, that represented Mt. Diablo, Wilson's former attorneys LLG, Leigh, Troutman, and Jay Toivo Jambeck ("Jambeck"), as well as two law firms and two individual attorneys therein that represented the law firms named as defendants in Wilson III.

By order filed July 14, 2020, the Court dismissed the action with prejudice, finding the above-referenced "Fraud" claim was, in essence, a claim under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the judgment of dismissal in Wilson III, which claim failed as a matter of law and on its facts, and that the remaining federal claims were barred by the Noerr-Pennington doctrine.  (See Wilson IV Order, filed July 14, 2020, at 3:21-9:26.)[2]

    **5.**    **Wilson v. Mt. Diablo, et al., Case No. 20-cv-3368-MMC (N.D. Cal., filed May 14, 2020) (hereinafter, "Wilson V")**

In Wilson V, filed ten days after the filing of Wilson IV, Wilson asserted, against 122 defendants in 198 pages of text, twenty-seven claims including claims based on "the facts [and] defendants" alleged in his Wilson III amended complaint.  (See Wilson V

---

[2] On July 27, 2020, Wilson appealed the dismissal, which appeal remains pending.

Compl. ¶ 1.)

By order filed July 14, 2020, the Court dismissed the complaint, finding it did not conform to the requirements of Rule 8, and Wilson was afforded leave to amend "to present a short, simple, concise, and direct statement respecting the alleged wrongdoing of each [defendant]." (See Wilson V Order, filed July 14, 2020, at 4:6-7 (quoting Schmidt v. Hermann, 614 F.2d 1221, 1223 (9th Cir. 1980).)[3] Rather than complying with that directive, Wilson filed a 609-page amended complaint asserting forty-seven claims against 222 defendants. By order filed August 25, 2020, the Court dismissed the action with prejudice, noting the new allegations were "even more prolix and confusing than those in the initial complaint." (See Wilson V Order, filed Aug. 25, 2020, at 3:2-3.)[4]

**6.    Wilson v. City of Walnut Creek, et al., Case No. 20-cv-2721-PJH (N.D. Cal., filed Apr. 20, 2020) (hereinafter, "Wilson VI")**

In Wilson VI, Wilson alleged he was involved in a confrontation at a skate park and, based on those allegations, asserted twenty claims against six defendants. Shortly thereafter, however, Wilson filed an amended complaint asserting, against 217 defendants, including the defendants named in Wilson III and Wilson V, forty-seven claims, including thirty-nine state law claims and eight federal claims, comprising 608 pages of text.

By order filed November 3, 2020, Chief District Judge Phyllis J. Hamilton dismissed the amended complaint, finding Wilson "fail[ed] to state a claim for any violation of federal law" (see Wilson VI Order, filed Nov. 3, 2020, at 11:23-25), and, for the additional "independent reason" that the complaint's "length and confusing nature" was not in conformity with the requirements of Rule 8 (see id. at 12:8-26); with one exception, namely, claims for damages brought against the individual defendants in their

---

[3] On August 8, 2020, Wilson appealed the dismissal, which appeal was dismissed for lack of jurisdiction.

[4] On August 25, 2020, Wilson appealed the dismissal, which appeal remains pending.

official capacity, which claims were dismissed with prejudice, Wilson was afforded leave to amend. On December 21, 2020, after Wilson failed to file an amended complaint within the time provided, Judge Hamilton dismissed the action with prejudice.

**7.   Wilson v. Cty. of Contra Costa, et al., Case No. 20-cv-4160-WHA (N.D. Cal., filed June 23, 2020) (hereinafter, "Wilson VII")**

In Wilson VII, Wilson asserted, against 211 defendants, forty-six claims in 554 pages of text, again including the claims from his Wilson III amended complaint.

By order filed August 20, 2020, U.S. District Judge William H. Alsup dismissed the action without leave to amend, finding that, "[d]espite multiple dismissals . . . for failure to comply with Rule 8," Wilson's complaints "seem only to grow in length, allegations, and defendants" (see Wilson VII Order, filed Aug. 20, 2020, at 4:10-12), and that, "given the hopelessness of his sprawling net, leave to amend [was] denied" (see id. at 4:16).[5]

The Court next considers two cases that, unlike the seven cases discussed above, were removed to this district by Wilson.

**8.   Leigh v. Wilson, Case No. CIV1903270 (Marin Cty. Sup. Ct., filed Aug. 27, 2019) (hereinafter, "Leigh")**

In Leigh, an action brought by Leigh in the Marin County Superior Court, Leigh obtained a restraining order against Wilson based on Wilson's alleged harassment of her and her family, and thereafter filed a motion seeking to hold Wilson in contempt for violation thereof, which motion was noticed for hearing on July 13, 2020. (See Leigh Mot. for Order to Show Cause, filed June 9, 2020, at 3:6-14.) Before Leigh's motion could be heard, however, Wilson, on June 29, 2020, removed the action to federal court. See Leigh v. Wilson, Case No. 20-cv-4373-SI (N.D. Cal., filed June 29, 2020).

A week later, U.S. District Judge Susan Illston remanded the case, finding no basis for federal jurisdiction had been shown.[6]

---

[5] On August 20, 2020, Wilson appealed the dismissal, which appeal remains pending.

[6] On July 27, 2020, Wilson appealed the order, which appeal was dismissed for

7

**9. Wilson v. Leigh, et al., Case No. 19CV357040 (Santa Clara Cty. Sup. Ct., filed Oct. 22, 2019) (hereinafter, "Wilson VIII")**

In Wilson VIII, an action brought by Wilson in the Santa Clara County Superior Court, Wilson alleged that Leigh, Jambeck, and Troutman wrongfully facilitated "a baseless and pretextual investigation of [him] for a 'possible [Welfare and Institutions Code Section] 5150' hold" (see Wilson VIII Compl. ¶ 8 (second alteration in original)), after which Leigh, Jambeck, and Troutman, along with LLG, filed a motion therein to deem Wilson a vexatious litigant. Before the motion could be heard, however, Wilson, on June 29, 2020, removed the action to federal court. See Leigh, et al. v. Wilson, Case No. 20-cv-4372-LHK (N.D. Cal., filed June 29, 2020).

A week later, U.S. District Judge Lucy H. Koh issued an order to show cause why the case should not be remanded, noting Wilson had, in his notice of removal, inaccurately labeled himself a defendant and, additionally, contrary to the requirements of 28 U.S.C. § 1446(a), had failed to submit a copy of the state court complaint, which reflected his status as the plaintiff.[7] Thereafter, Wilson, rather than responding, dismissed the entire action.

**C.    Appropriateness of Vexatious Litigant Order**

The Court next considers whether it has an adequate record upon which to declare Wilson a vexatious litigant, thereby warranting imposition of pre-filing restrictions. Such a determination requires that the Court find the above-described "litigation is frivolous" or, as an "alternative to frivolousness," that the filings therein "show a pattern of harassment." See Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1064 (9th Cir. 2014) (internal quotation and citation omitted).

**1.    Frivolousness**

To determine whether the litigation is frivolous, a district court "must look at both

---

lack of jurisdiction.

[7] On August 8, 2020, Wilson appealed the order, which appeal was dismissed for lack of jurisdiction.

8

1  the number and content of the filings as indicia of the frivolousness of the litigant's
2  claims." See id. (internal quotation and citation omitted).  Although there is no "numerical
3  definition for frivolousness," a district court must find the litigant has filed an "inordinate"
4  number of complaints.  See id. (internal quotation and citation omitted).  As to the content
5  of the complaints, the litigant's claims must be "patently without merit."  See id. (internal
6  quotation and citation omitted).

### (a)     Number of Actions

8  Here, Wilson acknowledges that, since 2009, he has been a "Plaintiff" or
9  "Petitioner" in thirty-six cases filed in state and federal trial courts (see Decl. in Opp., filed
10 Nov. 13, 2020, at 25:14-28:10); as the above-discussed nine cases are the only cases
11 that have been identified and called to Wilson's attention in the context of the instant
12 motion, however, the Court's discussion is limited to those cases.
13 At the outset, the Court notes that, although a list comprising nine cases is not as
14 long as some that have been considered, there is, as noted, no "numerical definition,"
15 see Ringgold-Lockhart, 761 F.3d at 1064, in other words, "no numerical baseline," see
16 Sepehry-Fard v. Select Portfolio Servicing, Inc., 2015 WL 1063070, at *8 (N.D. Cal. Mar.
17 10, 2015), for frivolousness.  See, e.g., id. (finding plaintiff vexatious based on eight
18 actions); see also Moy v. United States, 906 F.2d 467 (9th Cir. 1990) (affirming finding of
19 vexatiousness where plaintiff brought two actions in which he filed multiple complaints
20 and motions based on same alleged wrongful conduct); Ou-Young v. Roberts, 2013 WL
21 6732118 (N.D. Cal. Dec. 20, 2013) (finding plaintiff vexatious based on five "patently
22 meritless" actions); Boustred v. Gov't & Cty. of Santa Cruz, 2008 WL 4287570 (N.D. Cal.
23 Sept. 17, 2008) (finding plaintiff vexatious based on three actions containing "largely
24 incomprehensible claims").  Rather, in assessing whether the number of actions is
25 inordinate, the courts look to such factors as the repetitive nature of the claims contained
26 therein, as well as the "voluminous nature" of those claims.  See Sepehry-Fard, 2015 WL
27 1063070, at *9 (noting plaintiff brought eight actions concerning "same allegations";
28 further noting "voluminous" filings, including "122-page complaint" with "478 pages of

additional exhibits" attached, "673-page motion to strike," and "520-page motion to strike"). Here, as noted, Wilson's above-described lawsuits all arise from the same initial dispute and have essentially followed a pattern of expansion (see, e.g., Wilson V Compl. (198 pages); Wilson V Am. Compl. (609 pages); Wilson VI Am. Compl. (608 pages); Wilson VII Compl. (554 pages)), described by one experienced jurist as a "sprawling net" (see Wilson VII Order, filed Aug. 20, 2020, at 4:16). Given such circumstances, the Court finds the number of filings under consideration is inordinate.

### (b) Content of Claims

As noted, four of the above-listed cases, specifically, Wilson I, Wilson V, Wilson VI, and Wilson VII, were dismissed on the ground that the complaints filed therein did not conform to Rule 8's requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Further, after having been repeatedly advised of such requirement, Wilson nonetheless persisted in filing even lengthier and incomprehensible complaints, each of which was dismissed under Rule 8. (See Wilson V Order, filed Aug. 25, 2020, at 4:8-11 (noting that, "[n]otwithstanding the repeated warnings [Wilson] has received with regard to his need to comply with Rule 8, as well as this Court's detailed instructions regarding the deficiencies in [his] initial complaint, the [amended complaint] fails to cure, and indeed exacerbates, those very deficiencies"); Wilson VI Order, filed Nov. 3, 2020, at 12:24-26 (noting Wilson "has already been warned in other cases that his pleadings are largely incomprehensible and excessively long and several judges have dismissed his complaints on that basis"); Wilson VII Order, filed July 14, 2020, 4:10-12 (noting that, "[d]espite multiple dismissals of his claims for failure to comply with Rule 8, [Wilson]'s complaints seem only to grow in length, allegations, and defendants").)

To the extent Wilson's complaints were not dismissed under Rule 8, they fared no better. One action, specifically, Wilson III, was dismissed because the amended complaint he filed therein was duplicative of claims he already had filed in Wilson V, an action then pending before this Court, which, as discussed above, was ultimately

dismissed on Rule 8 grounds; the other two actions, specifically, Wilson II and Wilson IV, were found to be meritless as a matter of law and fact.

As to the actions that were not adjudicated in federal court, specifically, Leigh and Wilson VIII, the cases Wilson endeavored to remove, one was remanded almost immediately and the other was dismissed by Wilson before it could be.

In sum, the Court finds the claims made by Wilson in the above-listed cases are patently without merit. Given such finding as to the meritless content of Wilson's claims, as well as the Court's finding discussed above that the number of those claims is inordinate, the Court finds the above-listed actions constitute frivolous litigation.

### 2. Pattern of Harassment

Although the above findings constitute sufficient grounds on which to base a finding of vexatiousness, the Court, as an alternative to frivolousness, also considers herein whether Wilson's cases reflect "a pattern of harassment." See Ringgold-Lockhart, 761 F.3d at 1064 (internal quotation and citation omitted). As set forth below, the Court finds such additional finding is warranted.

Seven of the above-listed cases filed by Wilson have been brought against Mt. Diablo and/or its employees and board members and all arise from Wilson's dispute with Mt. Diablo about its provision of special education services. Initially, prior to the filing of Wilson I, Wilson's dispute was with Mt. Diablo alone. In Wilson I, however, Wilson named not only Mt. Diablo, but also nineteen other defendants associated with Mt. Diablo, including three "Administrative Assistant[s]," a "Receptionist," a "Supervising IT" specialist, five of its board members, and, in addition to those individuals, two law firms, as well as three attorneys therein, that represented Mt. Diablo. (See Decl. in Opp., filed Nov. 13, 2020, at 14:15-24:19.) By the time Wilson filed Wilson VII, that number had expanded to forty-one defendants, including eleven "Administrative Assistant[s]," two "Supervising IT" specialists, the same "Receptionist," a "Supervisor of Maintenance," a "Front Desk Employee," and six board members; in addition, Wilson named five law firms, and fourteen individual attorneys therein, that either represented Mt. Diablo or

represented the law firms that represented Mt. Diablo. (See id.) As discussed above, all of the actions comprising Wilson I through Wilson VII were dismissed at the pleading stage.

Next, five of the above actions, as well as one of the removed actions, were brought against Wilson's own lawyers, namely, the attorneys who briefly represented him in his out-of-court discussions with Mt. Diablo. As set forth above, all of those actions were dismissed, five by the district court and one, following its improvident removal to district court, by Wilson, in an apparent effort to avoid a state court finding of vexatiousness. Taken together, those six cases clearly show a pattern of harassment against LLG and, in particular, against one of its partners, namely, Leigh. Further, in a seventh case, an action brought by Leigh, Wilson, in another apparent effort to avoid an unfavorable state court ruling, improperly removed the case to federal court before the hearing on his alleged contempt of a restraining order.

Additionally, a number of the documents filed by Wilson in Wilson IV through Wilson VII include a graphic titled "The Karen Vortex™,"[8] which features a photograph of Leigh accompanied by text identifying her personal information, including what appears to be her residential address, her private telephone number, and her year of birth, as well as similar personal information for both Troutman and Jambeck.

Given the above-discussed circumstances, the Court finds Wilson's filings show a pattern of harassment against Mt. Diablo and the above-described groups of defendants in some way associated with it, as well as Wilson's own lawyers. See Bruzzone v. McManis, 2018 WL 5734546, at *7 (N.D. Cal. Oct. 31, 2018) (finding pattern of harassment where plaintiff "repeatedly sue[d] [defendant], and more recently those with some relationship to his prior suits against [defendant], with unclear complaints referencing an exceedingly-large number of statutes . . . , which force[d] defendants to

---

[8] "Karen" is "a pejorative slang term for an obnoxious, angry, entitled, and often racist middle-aged white woman," see https://www.dictionary.com/e/slang/karen/; Wilson, describes himself as "white" (see, e.g., Decl. in Opp., filed Nov. 13, 2020, at 1 n.1).

12

incur needless expense defending themselves"), aff'd, 785 F. App'x 503 (9th Cir. 2019).

### D. Vexatious Litigant Order

An order imposing pre-filing restrictions "must be narrowly tailored to the vexatious litigant's wrongful behavior" and should restrain the litigant from filing "only the types of claims [he] had been filing vexatiously." See Ringgold-Lockhart, 761 F.3d at 1066 (internal quotations and citations omitted). Here, Mt. Diablo seeks an order imposing pre-filing restrictions as to "any new litigation" filed by Wilson "in the courts of this state in propria persona." (See Def.'s Proposed Order at 2:5-6.)[9]

The Court finds an order of such breadth is not sufficiently tailored to Wilson's wrongful behavior. Rather, in light of Wilson's litigation history, the Court finds Wilson should be restricted from filing in, or removing to, this district any complaint in which claims based on the above-referenced dispute are brought against Mt. Diablo, any individuals employed by or serving as board members of Mt. Diablo, any law firms that have represented or are representing Mt. Diablo in connection with said dispute and any individual attorneys therein, any law firms that have represented or are representing the law firms that have represented Mt. Diablo in connection with said dispute and any of the individual attorneys therein, and LLG and any of the individual attorneys therein, including Leigh, Jambeck, and Troutman.

### CONCLUSION

For the reasons stated above, the motion is hereby GRANTED in part and DENIED in part as follows:

1. Wilson is hereby DECLARED a vexatious litigant.

2. The Clerk of Court shall not file or accept any further complaint from Wilson, either initiated in or removed to this district, unless and until the complaint has first been

---

[9] Although Mt. Diablo also seeks an order requiring Wilson to post security in the amount of $10,000 before proceeding with Wilson III through Wilson V, those actions, as discussed above, have now been dismissed. Accordingly, to the extent Mt. Diablo seeks such an order, the motion is hereby DENIED as moot.

13

reviewed by the general duty judge of this district and approved for filing, where such complaint asserts any claims based on Wilson's dispute with Mt. Diablo concerning the provision of special education services to the minor children of Wilson's girlfriend and/or the litigation concerning that dispute and is brought against any of the following:

    a. Mt. Diablo;

    b. Any current or former employees or board members of Mt. Diablo;

    c. Any law firms, and any current or former individual attorneys therein, that have represented or are representing Mt. Diablo in connection with said dispute, including Atkinson, Andelson, Loya, Ruud & Romo, PLC, Fagen Friedman & Fulfrost, LLP, and Orbach, Huff, Suarez & Henderson, LLP;

    d. Any law firms, and any current or former individual attorneys therein, that have represented or are representing the law firms that have represented Mt. Diablo in connection with said dispute, including Hoge Fenton Jones & Appel, Inc. and Long & Levit, LLP;

    e. The Leigh Law Group, P.C., and any current or former individual attorneys therein, including Mandy Gina Leigh, Jay Toivo Jambeck, and Damien Berkes Troutman.

3. If Wilson wishes to file such a complaint, he shall provide a copy of the complaint, a letter requesting the complaint be filed, and a copy of this Order to the Clerk of Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the general duty judge for a determination as to whether the complaint should be accepted for filing. Any violation of this Order will expose Wilson to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

**IT IS SO ORDERED.**

Dated: December 28, 2020

MAXINE M. CHESNEY
United States District Judge